IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH EUGENE LEAKS,           §
TDCJ-CID NO.1202018,            §
   Petitioner,            §
           §
v.                              §        CIVIL ACTION NO. H-06-3775
           §
NATHANIEL QUARTERMAN,           §
    Respondent.             §

OPINION ON DISMISSAL

  Petitioner Kenneth Eugene Leaks, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his felony conviction for burglary of a habitation. (Docket Entry No.1). Respondent has filed a motion for summary judgment, seeking dismissal of the petition on the ground that petitioner failed to meet his burden of proof under 28 U.S.C. § 2254(d). (Docket Entry No.10). Petitioner has filed a response to the motion. (Docket Entry No.12). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

  Petitioner was indicted by a Harris County, Texas grand jury of burglary of a habitation in cause number 919785, enhanced by two prior felony convictions. *Leaks v. State*, No.13-03-613-CR, Clerk's Record, page 8. A jury in the 351st Judicial District Court of Harris County found petitioner guilty as charged and assessed an enhanced sentence of fifty years confinement in TDCJ-CID. *Id.* at 114.

Petitioner's appellate attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that petitioner's trial counsel failed to object to the admission of a redacted copy of a letter written by petitioner to the state district court and to make an offer of proof upon the state district court's exclusion of complainant's prior inconsistent statement regarding her consent for petitioner to be in her residence. *Leaks v. State*, No.13-03-0613-CR, Appellant's Brief. Appellate counsel concluded upon review of the facts of the case and the applicable law that neither issue contributed to the conviction or punishment in this case. *Id.* The Thirteenth Court of Appeals for the State of Texas ("Thirteenth Court") agreed that the issues presented were without merit. *Leaks v. State*, No.13-03-613-CR, 2005 WL 704409 (Tex. App.-Corpus Christi 2005, pet. ref'd). Petitioner filed a *pro se* brief, in which he argued that the evidence was legally and factually insufficient to support his conviction and that the state district court failed to instruct the jury on the defense of necessity. *Id.* The Thirteenth Court found the following evidence both legally and factually sufficient to support a finding that petitioner entered complainant's habitation without her effective consent:

> [C]omplainant testified she and appellant had an "off and on" relationship for approximately six years. Occasionally during that period they lived together at her apartment. In early 2002 appellant moved out. He was not living there on July 19, 2002, the date of the incident, although they had continued dating after he moved out of the apartment. Although appellant testified he unlocked the door before entering the residence, the complainant stated that appellant did not have a key to the apartment and that she had changed the locks on the doors the day he left. The complainant asserted appellant did not have her consent to enter her apartment and, had he knocked on her door, she would not have let him in on that day. On cross examination, the complainant acknowledged appellant had some of his property at her residence and that a statement she had signed contained the assertion that "on the date of this incident she considered her residence to be his residence" and that on the date of the incident he did have permission to enter her residence. She further stated that she signed it under pressure, and it was not true, "a lot of things on the paper is [sic] not true."

*Id.*, slip opinion at 8-9.  Petitioner filed a *pro se* Petition for Discretionary Review ("PDR"), arguing that the court of appeals erred in holding that he was not entitled to have the jury instructed on the defense of necessity.  *Leaks v. State*, PDR 540-05, Appellant's Brief.  The Texas Court of Criminal Appeals refused petitioner's PDR on September 26, 2005.  *Leaks v. State*, PD-540-05.

In his state habeas application, petitioner complained that he had been denied the effective assistance of counsel because his trial counsel failed to (1) investigate the contents and events surrounding complainant's prior inconsistent statement; (2) interview Notary Public Eugene Lee, who could have advanced petitioner's defense of consent; and (3) call Eugene Lee as a witness. *Ex parte Leaks*, Application No.919785-A, pages 7-9.  The state district court, sitting as a habeas court, found that petitioner failed to allege sufficient facts to show that his trial counsel rendered constitutionally ineffective assistance of counsel and recommended that relief be denied.  *Id.* page 44.  The state habeas court further found that petitioner failed to show the following: (1) trial counsel's pre-trial investigation fell below an objective standard of reasonableness or that the outcome of the case would have been different but for the alleged deficient representation; (2) the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel in the primary case; and (3) that his conviction was improperly obtained.  *Id.*  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing.  *Ex parte Leaks*, Application No.65,353-01 (Tex. Crim. App. August 16, 2006).[1]

---

[1]

www.cca.courts.state.tx.us/opinions/EventInfor.asp?EventID=2254575

Petitioner seeks federal habeas relief on grounds that his trial counsel, Ronald Hayes ("Hayes") rendered constitutionally ineffective assistance of counsel by failing to (1) investigate complainant's prior inconsistent statement; (2) interview a crucial witness; and (3) call a favorable witness.  (Docket Entry No.1).  Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits.  (Docket Entry No.10).

## II. STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

4

Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).   Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.   A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*   To be unreasonable, the state decision must be more than merely incorrect.   *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).   A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable." *Id.*   Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.   *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts).   Therefore,

section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance

claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A. Failure to Conduct an Adequate Pretrial Investigation

Petitioner contends his defense counsel was ineffective for failing to conduct an adequate pretrial investigation of the contents and events surrounding complainant's prior inconsistent statement. (Docket Entry No.2). In her Affidavit of Non Prosecution, complainant attested to the following, in pertinent part:

> I have a relationship with Kenneth Leaks. Kenneth Leaks and I lived together for several months. At the time that he hit me, he lived at my residence on and off. He still had his possessions there and continues to keep some of his things at my residence. He has had a key to my residence in the past and I considered my residence his residence too. I do not want to prosecute the burglary charge against him as he did have consent and permission to enter the residence. I never told the police or the investigator that he did not have consent to enter the residence. I assumed he still had a key. I have attempted numerous times to contact the district attorney[']s office about dropping the burglary charge but no one returns my calls.

*Ex parte Leaks*, No.919785-A, page 28. At trial, she testified that petitioner did not live at her house in 2002, and did not have consent to enter it. She further averred that petitioner's mother pressured her to sign the statement, which had been prepared by petitioner's attorney. *Leaks v. State*, No.13-03-631-CR, Reporter's Record Volume 3, pages 99-101.

Petitioner claims that Hayes was aware that petitioner's first attorney, Elida Aguilar, had attempted to have the burglary charge dismissed by complainant's statement in her Affidavit of Non Prosecution and that he was aware that at least three people were present when complainant swore to the Affidavit. (Docket Entry No.2). Petitioner maintains that Hayes had contact

9

information for each person and accessibility to a paid investigator, who could have contacted each person. (*Id.*). Petitioner contends that such investigation would have disclosed the availability of Notary Public Eugene Lee, who witnessed complainant sign the Affidavit. Petitioner claims that Lee's testimony would rebut complainant's testimony that she was pressured to sign the document and that she did not provide the information in the affidavit. (Docket Entry No.2). Petitioner further contends that Lee's testimony would have bolstered impeachment evidence by negating the inference that petitioner conspired to coerce complainant into signing the statement. (*Id.*).

Respondent contends that petitioner has failed to show how his defense would have benefited from such investigation, given that complainant was extensively questioned by both parties regarding the inconsistencies. (Docket Entry No.10). Respondent maintains that the admission of the prior inconsistent statement was cumulative of complainant's testimony on cross-examination. (*Id.*).

Counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. . . . In particular, what investigation decisions are reasonable depends critically on such information." *Boyd v. Johnson*, 167 F.3d 907, 910 (5th Cir. 1999) (quoting *Strickland*, 466 U.S. at 688). "Defense counsel is not required 'to investigate everyone whose name happens to be mentioned by the defendant." *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). To determine the reasonableness of

counsel's decision to limit the scope of his investigation under prevailing professional norms, the

Court analyzes such conduct as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, at 690-91. Moreover, as with any ineffective assistance of counsel claim, the

petitioner must prove that an alleged breach of his attorney's duty to investigate "resulted in an

actual and substantial disadvantage to the course of his defense." *Baldwin v. Maggio*, 704 F.2d

1325, 1333 (5th Cir. 1983).

The scope of a defense counsel's pretrial investigation necessarily follows from the

decision as to what the theory of defense will be. *Soffar v. Dretke*, 368 F.3d 441, 473 (5th Cir.

2004), *amended on rehearing in part on other grounds*, 391 F.3d 703 (5th Cir. 2004). At trial,

petitioner's testimony and complainant's cross-examination by trial counsel Hayes made it clear

that their defense theory was that complainant was not a credible witness, that a third party

attacked complainant, and that petitioner had consent to enter complainant's home, not because he

resided there,[2] but because he heard complainant call for help as he stood outside her window.[3]

---

[2]

Contrary to complainant's testimony and her Affidavit of Non Prosecution and his own Memorandum in support of the pending petition, petitioner testified at trial that he had never lived with complainant and that she was a one-night stand. *Leaks v. State*, No.13-03-631-CR, Reporter's Record, Volume 4, at 12. Petitioner attested he had a business arrangement with petitioner and that he had left some personal possessions at her residence. *Id.* at 12-16; 83. He averred that he was engaged to another woman and that he was not sleeping with complainant nor going over to her house in July, 2002. *Id.* at 21-24. He claimed to have a key to complainant's house that complainant had given to him in May, 2002, and that he used that key to get into her home on July 19. *Id.* at 30.

*Leaks v. State*, No.13-03-631-CR, Reporter's Record, Volume 3, page 119, Volume 4, pages 27-71.  In light of this theory, the fact as to whether complainant had been pressured to sign the Affidavit of Non Prosecution or whether she actually prepared the Affidavit, is irrelevant except as to her credibility.  However, as discussed below, complainant testified to her own inconsistent statements.  Therefore, trial counsel's decision not to investigate the circumstances surrounding the making of the Affidavit of Non Prosecution appears entirely reasonable.[4]

Petitioner further fails to show that he suffered actual prejudice from trial counsel's failure to investigate the Affidavit of Non-Prosecution, particularly in light of the fact that her testimony supported the defense theory that she lacked credibility.  Although the Affidavit was not admitted into evidence at trial, complainant testified on both direct and cross-examination to its content, and admitted that she had read the Affidavit and signed it without change.  She further admitted

---

[3]

Petitioner attested that he went to complainant's house to pick up her child to take him on a pre-arranged trip to a barbershop.  *Leaks v. State*, No.13-03-631-CR, Reporter's Record, Volume 4, page 27.  Once at the house, petitioner said that he went to complainant's front door and found that the door would not open; he hit complainant's bedroom window and asked if she were there.  *Id.* at 60.  He heard complainant say something like "Stop it, Kenneth."  *Id.* at 60, 71.  He then went to the back door but when the door would not open because of a security lock, he went to the front door again.  He unlocked the door and pushed it open because a sofa was blocking the entrance.  *Id.* at 32-35, 60.  When he entered the residence, petitioner saw a man assaulting complainant.  *Id.* at 35-36.  He hit the man and pushed him off of complainant; he opened his knife, talked to the assailant, and escorted him out of the residence.  *Id.* at 37-40.

Petitioner attested that he did not damage complainant's door or try to hit it to break it open.  *Id.* at 45.  He also attested that he did not call the police to report the assault; instead, he gathered his clothes and some money that he had hidden there.  *Id.* at 46-47.  As he counted the money, complainant began to argue with him and tried to block him from leaving.  *Id.* at 48-50.  He knocked her arms down.  *Id.* at 51.  He recalled that he struck her arms four to five times as he tried to leave.  *Id.* at 52.  He did not recall hitting her.  *Id.* at 53.  He pushed her out of the way and walked to the door.  *Id.* at 53-54.

[4]

Moreover, the record reflects that defense counsel Hayes conducted some pretrial discovery by talking with complainant before trial.  *Ex parte Leaks,* No.13-03-631-CR, Reporter's Record, Volume 3, pages 108-09.

12

that some of the statements in the Affidavit were inconsistent with her statements to the police and that some of the statements in the Affidavit were untrue. *Leaks v. State*, No.13-03-631-CR, Reporter's Record, Volume 3, pages 98-114.   Although she testified that petitioner's mother pressured her to sign the pre-prepared Affidavit and that she did so without discussion, input, or changes, complainant also attested that no one, included petitioner, threatened her to sign the statement. *Id.* at 98-114.   Based on this record, the Court concludes that the state court's finding that petitioner failed to allege sufficient facts to show that Attorney Hayes's pre-trial investigation was deficient or prejudicial is a reasonable application of clearly established federal law. Therefore, respondent is entitled to summary judgment on this claim.

B. Failure to Call Witness Eugene Lee to Testify

Petitioner also contends that defense counsel Hayes rendered ineffective assistance because he did not interview Notary Public Eugene Lee, who witnessed complainant sign the Affidavit of Non-Prosecution, and did not call Lee as a witness. (Docket Entry No.2).   According to Lee, he was available to testify and if called, he would have attested to the following, in pertinent part:

> I am making this affidavit in reference to the fact that I witnessed Kisshima Williams state, Kenneth Leaks had consent to come into her home on July 19, 2002.   I also witnessed Kisshima Williams swear out an affidavit of non prosecution to these events, as I am a notary public, on September 2, 2002 where she was not pressured or under any duress.   Considering my knowledge of the contents and events surrounding said affidavit, I was never interviewed by the defense nor the prosecutor, had I been called to testify, I would have been available.   I would have testified to the fact that Kisshima Williams made it clear to everyone present that Kenneth Leaks had consent to enter her home and she did not want to pursue the burglary of habitation charge brought against Kenneth Leaks.

*Ex parte Leaks*, No.919785-A, page 29.

Petitioner maintains that Lee's testimony "would have been catalytic in Hayes'[s] impeachment tactic," because Lee was "present at the crucial events contested at trial." (Docket Entry No.2, page 22). Petitioner further claims that Hayes's allegedly deficient performance had "a clear negative impact on the outcome of the trial." (*Id.* at 23). Petitioner maintains that evidence of his guilt was not so extensive because the State "relied on the uncorroborated, inconsistent testimony of Williams." (*Id.*). Without Lee's testimony, petitioner argues, the jury did not judge the case on its merits but on an emotional response to the surrounding circumstances. (*Id.*). Petitioner further argues that because of his lengthy criminal history and the gravity of the punishment range that he faced if convicted, a reasonable attorney would have attempted to call a witness to rebut complainant's testimony instead of allowing petitioner to testify. (*Id.*).

Respondent maintains that to the extent that Lee's statements purport to be evidence of complainant's mental state, Lee failed to establish that such statements were based on his personal knowledge or that he was competent to testify about such matters; therefore, such statements are conclusory, based on speculation and conjecture, and do not constitute competent evidence. (Docket Entry No.10).

To constitute proper summary judgment proof, affidavits must affirmatively show the affiant's competence to testify as to the matters stated therein, be based upon personal knowledge, and contain a clear explication of factual information that would be admissible at trial, not mere unsupported conclusions. *Marshall v. East Carroll Parish Hospital*, 134 F.3d 319, 324-25 (5th Cir. 1996). A summary assertion made in an affidavit is simply not enough to raise a genuine issue of material fact. *Id.* In this case, Lee does not attest that he has personal knowledge of the facts to which he attests and he states no facts to support his conclusory statements that

complainant was not pressured or under duress when she made the statement and that complainant made it clear to everyone that petitioner had consent to enter her home. (Docket Entry No.2, Exhibit B). Lee's affidavit, therefore, does not constitute competent summary judgment evidence.

Even if such affidavit was competent evidence, petitioner fails to show trial counsel's decision not to call Lee to testify was unreasonable or prejudicial to his defense. Lee was not a witness to the assault, a witness to the relationship between complainant and petitioner, nor a witness to complainant's conversations with petitioner's mother before she signed the Affidavit. At most, Lee could attest to complainant's credibility, an issue which defense counsel challenged in his cross-examination of complainant. Therefore, any decision not to call Lee as a witness would be reasonable. *See Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (noting that "the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain"). Considering the entire record and the whole of Attorney Hayes's representation, the Court finds that petitioner has failed to overcome the state courts' findings that Attorney Hayes's rendered constitutionally ineffective assistance of counsel. *See Ex parte Leaks*, Application No.919785-A, page 44; Application No.65,353-01 (Tex. Crim. App. August 16, 2006). Accordingly, respondent is entitled to summary judgment.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding and appellate courts, the Court ORDERS the following:

1.   Respondent's motion for summary judgment (Docket Entry No.10) is GRANTED.

2.   Petitioner's petition for federal habeas relief is DENIED.

3.   A certificate of appealability is DENIED.

4.   This habeas action is DISMISSED with prejudice.

5.   All other pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 31st day of October, 2007

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE